# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In Re:

CLARE HOUSE, LLC,

Debtor.

Case No. 09-04650-PCW11

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

THIS MATTER came before the Court for final hearing on January 7, 2009, upon Independent Mortgage Limited Co.'s ("Independent") Motion for Relief from Stay ("Motion"):

## A. MATTERS CONSIDERED BY THE COURT

In ruling on Independent's Motion, the Court considered the following:

1. Independent's Motion for Relief from Stay (Docket #19);
2. Independent's Notice of Motion and Time to Object (Docket #20);
3. Memorandum in Support of Independent's Motion for Relief from Stay (Docket #21);
4. Declaration of Bruce C. Jolicoeur (Docket #22);
5. Declaration of Casey S. Krivor (Docket #23);
6. Debtor's Objection to Independent's Motion for Relief from Stay (Docket #26);
7. Debtor's Chapter 11 Plan (Docket #52);
8. Debtor's Disclosure Statement (Docket #53);

9. Independent's Trial Brief in Support of Motion for Relief from Stay (Docket #62);

10. Debtor's Listing Agreement (Docket #64);

11. Debtor's Trial Brief in Support of its Objection to Independent's Motion for Relief from Stay (Docket #67);

12. Independent's Reply Trial Brief in Support of Motion for Relief from Stay (Docket #69);

13. Independent's List of Witnesses and/or Exhibits (Docket #58);

14. Debtor's List of Witnesses and/or Exhibits (Docket #60);

15. Debtor's Supplemental List of Witnesses and/or Exhibits (Docket #65);

16. Testimony of Harry A. Green;

17. Testimony of Todd Prescott;

18. Testimony of Casey S. Krivor;

19. Testimony of Ken Pelton;

20. Testimony of Bruce C. Jolicoeur; and

21. All Exhibits admitted at trial.

In rendering this decision, the Court not only reviewed and considered the above evidence submitted by the parties, but has also reviewed the pleadings and

files in this matter, including proofs of claim, together with its own observations while serving as the trier-of-fact at the final hearing on Independent's Motion.

## B. FINDINGS OF FACT

1. To the degree that any of these Findings of Fact constitute Conclusions of Law, they are also intended to be understood as Conclusions of Law.

2. The Debtor has entered into a listing agreement for the sale of the subject property and the property is listed for sale for $4,847,000.00.

3. Pursuant to the appraisal presented by Mr. Bruce Jolicoeur on behalf of Independent, the fair market value of the subject real property is $1,980,000.00 but was adjusted during the hearing to $2,230,000.00. This amount is the absolute lowest fair market value of the subject real property.

4. This amount is less than the undisputed amount owed to Independent by the Debtor.

5. The fair market value of the subject real property valued at $5.25 per square foot would be $2,900,000.00.

6. At the time of the hearing, Independent was owed $3,104,000.00; which included some, but not all, attorneys' fees incurred to date. The obligation to Independent has been in default since 2007.

7. The Debtor admits that the liens against the property are at least $4,500,000.00.

8. The fair market value of the subject real property is between $2,230,000.00 and $3,500,000.00, neither of which is sufficient to pay lien holders on the property.

9. The Debtor has no equity in the property.

10. In 2009, an offer was made by an entity owned by Mr. Prescott to purchase the property for $3,350,000.00. Mr. Prescott testified he was not willing to pay $3,350,000.00 for the property and that it was his intent to negotiate with all the lien holders to accept less than the amount they were owed because he did not believe that the value of the property equaled the amount of the liens.

11. All previous offers to purchase the subject real property were "net zero" offers; meaning the sale proceeds would have paid only the liens encumbering the subject real property. It is unlikely these offers would have even paid valid, existing liens against the property.

12. Even if the subject real property sold today for the listing price of $4,847,000.00, it is highly unlikely that the proceeds from the sale would pay all the lien holders in full.

13. The Debtor has no income, does no business, and has no ability to make any payments to any lien holder whatsoever. The Debtor merely exists to hold unimproved real property.

14. The Debtor has filed a liquidation plan that provides for the Debtor to hold and market the subject real property for sale. If the subject real property was not sold by December 31, 2010, the subject real property would be sold at a foreclosure sale.

15. The Debtor does not intend to reorganize.

16. The Debtor's liquidation plan does not lead to an effective reorganization and provides the creditors no adequate protection.

17. This bankruptcy was filed on the eve of Independent's foreclosure of the subject real property.

18. The Debtor has no assets other than the subject real property.

19. Debtor's expert, who was not permitted to testify pursuant to the Order entered at Docket No. 75, would have testified that the fair market value of the subject real property is $4,800,000.00.

20. Mr. O'Rourke made an offer of proof that Mr. Currin of Witherspoon Kelley would have testified that Witherspoon Kelley had additional collateral that secures the debtor's obligation to Witherspoon Kelley as evidenced by Witherspoon Kelly's Proof of Claim filed on December 22, 2009, under Claim

No. 4. Whether Witherspoon Kelley has additional collateral is not dispositive of whether the Debtor has equity in the real property.

### C. CONCLUSIONS OF LAW

1. If any of these Conclusions of Law also constitute Findings of Fact, they are also intended to be Findings of Fact.

2. Cause exists to grant Independent relief from stay under 11 U.S.C. § 362(d)(1).

3. Independent is not adequately protected under 11 U.S.C. § 362(d)(1) and the Plan provides no adequate protection at all.

4. The Debtor does not have any equity in the subject real property and the subject real property is not necessary for an effective reorganization under 11 U.S.C. § 362(d)(2).

5. There is nothing to reorganize in this case and no likelihood of an effective reorganization.

6. The Plan filed by the Debtor has no reasonable possibility of being confirmed.

7. This is a single asset real estate case under 11 U.S.C. § 362(d)(3).

8. Independent is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1).

9. Independent is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2).

10. Independent is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(3).

By: /s/ David P. Gardner
David P. Gardner, WSBA No. 39331
Attorneys for Independent Mortgage Limited Co.

Approved as to Form, Notice or Presentment Waived:

SOUTHWELL & OROURKE

By: /s/ Dan O'Rourke
Dan O'Rourke, WSBA No. 4911
Attorneys for Clare House, LLC

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

02/16/2010 13:33:39